Matthias, J.
 

 The decedent was struck by an automobile owned and operated by the defendant. The former was a laborer in the service of the State Highway Department, and when struck was walking across
 
 *437
 
 the highway from the north to the south. The defendant was traveling east. Evidence was introduced tending to show negligence upon the part of the defendant and also contributory negligence upon the part of the decedent.
 

 The principal error charged is predicated upon instructions to the jury given before argument upon the request of the plaintiff. They are as follows:
 

 “Plaintiff’s Request No. 11.
 

 “The court instructs the jury as a matter of law, that if you find from the evidence that the deceased, Lawrence Marlatt, failed to exercise ordinary care for his own safety, in walking across the highway at the point of the accident, yet if you further find from the evidence, that at said time and place the deceased, Lawrence Marlatt, was in, peril of being struck by the automobile and was unaware of such peril until the automobile was so close upon him that he was in helpless peril, and if you further find from the evidence that such peril of the deceased, Lawrence Marlatt, if he was in such peril, was known, or by the exercise of ordinary care might have been known, by the defendant, Effie Brock, in time, by the exercise of ordinary care in the use of the means at her command, to have prevented hitting the deceased, Lawrence Marlatt, either by stopping her automobile or by sufficiently slackening the speed thereof,’ or by swerving to one side or the other or by giving reasonably sufficient warning by sounding her horn or otherwise, and you further find that the defendant was negligent in one or more of the negligent acts complained of in the petition, and as a direct result of such failure on her part, if she did so fail, the deceased, Lawrence Marlatt, was struck and injured, and that said injuries caused his death, then your verdict must be for the plaintiff. ’ ’
 

 
 *438
 
 “Plaintiff’s Request No. 12.
 

 “I charge you as a matter of law that if you find from all the evidence in this case that although the negligence of the deceased, Lawrence Marlatt, may have contributed toward getting him into a position of danger, yet if this-negligence had ceased for a sufficient time prior to the accident to have enabled the defendant after she knew his situation of peril, if you find he was in such peril, to have avoided the accident by the exercise of ordinary care on her part, and if you further find that the defendant was negligent on one or more of the particular acts complained of in the petition, and struck and injured the deceased, Lawrence Marlatt, and that said injuries were the proximate cause of his death, your verdict should be for the plaintiff.” .
 

 If it be conceded that the doctrine of the last clear chance is applicable to this case the instructions given were clearly erroneous.
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio St., 42, 183 N. E., 873. But the doctrine ' of the last clear chance had no place whatever in this case, and a charge on that issue, even though correct in its terms and phraseology, would have been improper. The last clear chance issue was not presented either by the pleadings or proof. The case is one of simple negligence in the pleadings and as presented by the evidence in the record. The last clear chance rule has no application to any situation except where the injured party through his own negligence has placed himself in a position of peril. The doctrine presupposes his antecedent fault and negligence, as a result of which he is in a place of peril. His negligence does not absolve the defendant from liability, if, knowing such peril, defendant fails thereafter to exercise ordinary care to avoid causing injury. Such charge is not proper where the claimed negligence of the defendant and the contributory negligence of the plaintiff are concurrent. This is but a restatement of the
 
 *439
 
 principle involved in the doctrine of the last clear chance, previously announced by this court and fully discussed, with citation of supporting authorities, in the opinion of the recent
 
 Masterson case, supra.
 

 The record discloses that the decedent’s act in crossing the highway and the approach of the defendant’s automobile were concurrent acts, and, if negligent, such negligence continued until they came into collision, which collision some of the evidence indicates occurred at least partly as a result of plaintiff’s decedent suddenly reversing his course into the path of the approaching automobile. Without fully reviewing the evidence in the record it is sufficient to say that in so far as the evidence indicated contributory negligence of the plaintiff’s decedent it was continuing and concurrent with the acts of the defendant charged to have been negligent. It had not ceased for a sufficient time prior to the accident to enable the defendant, after she knew of the peril of the decedent, to avoid the accident, and hence the rule of the last clear chance has no application and its injection into the case is prejudicially erroneous.
 
 Pennsylvania Co.
 
 v.
 
 Hart,
 
 101 Ohio St., 196, 128 N. E., 142.
 

 We are unable to follow the theory that by reason of the fact that the evidence tended to show wanton and wilful negligence, and a charge upon such issue would have been proper, no prejudice resulted' from giving the last clear chance instruction. The issue of wanton and wilful negligence was not presented by the pleadings, nor would a charge thereon have been warranted by the evidence. The pleadings and proof at most present a case of ordinary and simple negligence, and' should have been submitted to the jury with appropriate instructions limited to such issues.
 

 Prejudicial error is also claimed from the
 
 voir dire
 
 examination of jurors upon the subject of casualty insurance. A recital of the numerous inquiries in varied
 
 *440
 
 forms asked of the individual members of the panel again directly presents the question whether such inquiries shall be excluded and forbidden. There seems to be no middle ground. This court held in the case of
 
 Pavilonis
 
 v. Valentine, 120 Ohio St., 154, 165 N. E., 730, that: “It is not'error to permit the examination of a prospective juror on his
 
 voir dire
 
 as to his connection with, interest in or relationship to a casualty insurance company, where such company is directly or indirectly interested in the result of the trial. ’ ’
 

 In the case of
 
 Vega, Admr.,
 
 v.
 
 Evans, post,
 
 535, this day decided, the above paragraph of the syllabus in the
 
 Pavilonis case
 
 is overruled. Action.there held not to be erroneous is now declared by the majority of the court to be erroneous. The writer of this opinion joined in the
 
 Pavilonis
 
 decision and adheres thereto. However, the rule now announced by the majority applied to the instant case would necessitate a reversal of the judgment for error in the
 
 voir dire
 
 examination of the prospective jurors in addition to the ground upon which reversal is predicated in this opinion.
 

 In the instant case no insurance company was a party to the litigation, nor had it been made to appear that such company was actively and directly interested in the litigation.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Bevis and Zimmerman, JJ., concur.
 

 Wilkin, J.,. not participating.