**Barbara O'BRIEN, Administratrix of the Estate of Richard J. O'Brien, Deceased, Plaintiff-Appellant,**

v.

**WILLYS MOTORS, INC., a foreign Corporation, Defendant-Appellee.**

**No. 17610.**

United States Court of Appeals
Sixth Circuit.

Nov. 20, 1967.

Sterling W. Schrock, Hancock, Mich. (Wisti, Jaaskelainen & Schrock, Hancock, Mich., on the brief), for appellant.

Charles M. Humphrey, Jr., Ironwood, Mich. (Humphrey & Weis, Ironwood, Mich., on the brief), for appellee.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This appeal arises out of an action in the United States District Court for the Western District of Michigan wherein Barbara O'Brien, Administratrix of the Estate of Richard J. O'Brien, Deceased, sought to recover damages from Willys Motors, Inc. for the alleged wrongful

death of the deceased. The parties will be referred to as plaintiff and defendant, respectively, as they were in the trial court.

On the evening of June 18, 1964, Richard J. O'Brien, deceased, and husband of the plaintiff, was driving his 1963 Willys Jeep Four Door Wagoneer on Highway M–26 near the town of Toivola, Michigan. While so driving in a northerly direction on Route M–26 an accident occurred which caused the death of the deceased. There were no witnesses to the accident but the deceased was seen between 8 and 8:30 p. m. driving his jeep at about forty or forty-five miles per hour one quarter of a mile before the scene of the accident. The deputy sheriff was notified of the accident at 8:40 p. m.

The sheriff found the jeep with its front wheels on the paved portion of M–26 and the rear wheels on the shoulder of the highway. Mr. O'Brien was lying on the highway two feet away from the vehicle. He was severely injured and was dead on arrival at the hospital. The tracks made by the tires of the vehicle indicated that the jeep gradually left the highway at an angle of two or three degrees and travelled forward in a straight path approximately 266.4 feet. It appeared that the jeep had rolled over at least twice before coming to rest 369.2 feet beyond the point at which the right front wheel first left the highway.

It was claimed by the plaintiff that the accident was caused by a defect in the steering mechanism. The complaint charged the defendant with common law negligence in the design, manufacture and assembly of the steering mechanism and with breach of implied warranty. The defendant denied negligence on its part and denied that it had breached any warranty. It alleged affirmatively that the deceased was guilty of contributory negligence and that the plaintiff and deceased had failed to give any notice of breach of warranty. Jurisdiction was invoked by reason of diversity of citizenship. (Section 1332, Title 28, U.S.C.) The case was tried before a jury and a verdict of no cause of action was returned in favor of the defendant. This appeal followed.

One of the assignments of error is that the trial judge failed to instruct the jury that the burden was on the defendant to prove contributory negligence by a preponderance of the evidence.

In a District Court where jurisdiction is based on diversity of citizenship, the substantive law of the forum state is applicable. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The federal rule in such cases is that the District Court follows the state practice in the matter of burden of proof. Palmer v. Hoffman, 318 U.S. 109, 63 S. Ct. 477, 87 L.Ed. 645, rehearing den. 318 U.S. 800, 63 S.Ct. 757, 87 L.Ed. 1163; Cincinnati, N. O. & T. P. Ry. Co. v. Eller, 197 F.2d 652 (C.A.6), cert. den. 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670. Until June of 1958, under the law of Michigan it was incumbent on a plaintiff to establish that he was free from contributory negligence. By Supreme Court Rule 23, section 3a, effective June 1, 1958, contributory negligence was made an affirmative defense to be pleaded and proved by the defendant. City of Dearborn v. Bacila, 353 Mich. 99, 90 N.W.2d 863.

The defendant does not deny that the burden was on it to prove contributory negligence by a preponderance of the evidence. The defendant seeks to justify the trial judge's instructions on two grounds: first, counsel for plaintiff made no objection to the judge at the conclusion of the charge and, second, that the charge, although not specific, adequately covered the subject.

Rule 51 of the F.R.Civ.P. provides,

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Counsel for plaintiff claims that Rule 51 is aided by Rule 46 of the F.R.Civ.P.

and that under this rule the Court can consider the error even though no objection was made to the charge. Rule 46 abolishes exceptions and provides,

"(I)t is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

Here, counsel at no time made any request for a charge on contributory negligence nor did he make any objection to the charge as given, although he had an opportunity to do so. Rule 46 therefore is not applicable nor does Fuller v. King, 204 F.2d 586, 591 (C.A.6), cited by counsel apply. There the matter in issue had been called to the court's attention prior to the giving of the instructions.

■ We conclude that, in the interest of justice, a reviewing court may consider an error in instructions given or the failure to give an instruction where the error is obvious and prejudicial to a party. And such a review may be had even though the Federal Rules of Civil Procedure make no specific provision for such review. In United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555, the Court said:

"In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."

See also Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; Johnson v. United States, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704, rehearing den. 318 U.S. 801, 63 S.Ct. 826, 87 L.Ed. 1164.

That the trial judge erred in not instructing the jury on the defendant's burden to prove contributory negligence by a preponderance of the evidence is not open to question. We turn now to consider whether this is such an exceptional case as will warrant us in reviewing the error. The evidence on breach of warranty and negligence of the defendant was conflicting and the determination of those issues depended almost entirely on expert testimony. The issue of contributory negligence then became a vital issue in the case and might well be decisive of the rights of the parties.

Six days before the accident, Mr. Cybulski drove the jeep about fifteen miles to the golf club with O'Brien and Mr. Juntikka as passengers. Mr. Cybulski testified that there was excessive play in the steering wheel and that it was difficult to hold the jeep on the road. Mr. Juntikka confirmed this testimony about the difficulty with the steering wheel and both witnesses testified that they discussed it with Mr. O'Brien and advised him to have it looked after. These witnesses declined to drive the jeep back to Houghton, Michigan, because of the difficulty with the steering wheel. This testimony created a factual issue on contributory negligence which should have been properly submitted to the jury.

The court did not specifically instruct the jury concerning the defendant's obligation to prove contributory negligence by a preponderance of the evidence. We have read the instructions as a whole and cannot find that the jury could have understood that this burden was on the defendant. On the contrary we would conclude that the jury would consider that the plaintiff would have the responsibility of showing that the deceased was free from negligence.

We cannot accept the claim of counsel for the defendant that the failure to directly charge the jury on the burden of proving contributory negligence was cured by the following instruction:

"In a death case such as this, the law creates a presumption that the deceased was in the exercise of due and proper care for the protection of his

person and the preservation of his life. It may be said that this presumption arises from the natural human instinct for self-preservation and the disposition of all men to avoid personal harm.

"This presumption is not conclusive, and may be rebutted by testimony which establishes a lack of due care and caution. The presumption should be considered by the jury in the light of the facts and circumstances in determining whether or not the decedent was guilty of negligence which contributed to cause the accident in question."

In defining proximate cause the Court said: "If you find that the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof." If the jury applied this principle to the issue of contributory negligence it would be definitely prejudicial to the plaintiff.

The law on burden of proof under a charge of contributory negligence was an essential part of this case and the court should have covered it in its instructions without a request therefor. Without such an instruction, the plaintiff could not have had a fair trial. This is a matter that goes to the heart of the case and we conclude that we must take note of the error, even though no objection was made at the conclusion of the charge of the court.

The plaintiff further claims that the court erred in allowing Mr. Merritt, a defense witness, to testify concerning a grommet removed from the jeep. It is claimed then that the court erred further in refusing to let Mr. Billings, the plaintiff's expert witness, testify on rebuttal concerning a test he made of a nut in the bolt at the clamp at the fire wall.

The plaintiff claims that the removal of this grommet was a violation of the court's order of October 9, 1965, denying the defendant permission to take the steering mechanism apart. The defendant claimed that the grommet was not a part of the steering mechanism and, therefore, was not a violation of the order. The grommet, as we understand it, is a part that might be referred to as a "collar" that goes around the steering rod and fastens to the dash by two screws. It is not an operational part of the steering mechanism but serves to cover what otherwise might be a hole in the dash where the steering rod passes through it.

The defendant evidently considered that this testimony would serve to strengthen its case. We think it was within the discretion of the trial judge to allow the testimony if he thought it would be helpful to the jury in clarifying the issues in the case. Likewise he should have allowed Mr. Billings to testify on rebuttal concerning the nut in the bolt at the clamp at the fire wall, which he apparently removed and tested. These parts removed from the jeep by the parties seem to be related to the steering mechanism. Since the defendant was permitted to attempt to show by the removal of the grommet that there was no vertical movement of the steering column, the plaintiff should have been permitted to attempt to show that the part removed by her expert witness demonstrated the contrary. The plaintiff offered Mr. Billings as a rebuttal witness but no proffer of his testimony was made. We would not find this prejudicial error but since we are remanding the case for new trial, we pass on the question for the guidance of the trial court.

It is also claimed that the court erred in questioning the plaintiff's witness, Mr. Billings, on his testimony before it in another trial. The previous trial was unconnected with the case at bar and we think the questioning was out of order and tended to be prejudicial to the plaintiff.

We have examined other assignments of error and find them to be without merit.

The judgment of the District Court is vacated and the case remanded for a new trial.