Sharon L. **BATESOLE**, Administratrix of the Estate of Lawrence L. Batesole, Deceased, Plaintiff-Appellant,

v.

Jack E. **STRATFORD** et al., Defendants-Appellees.

No. 74–1261.

United States Court of Appeals, Sixth Circuit.

Decided Nov. 8, 1974.

Alfred J. Cooper, Busick, Cooper & Hall, Fremont, Ohio, for plaintiff-appellant.

John A. Pietrykowski, H. William Bamman, Toledo, Ohio, for defendants-appellees.

Before WEICK, PECK and McCREE, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This appeal was perfected from a judgment entered upon a jury verdict for the defendant-appellees in an action brought by the personal representative of Lawrence L. Batesole to recover for her decedent's conscious pain and suffering and his wrongful death. The principal question involved is whether, in spite of the failure by appellant's counsel to comply with the objection requirement of Rule 51 of the Federal Rules of Civil Procedure, a new trial is required as a result of the district court's alleged failure to fully and correctly instruct the jury on all the issues raised in the case.

The basic facts are as follows. At approximately 6:15 a. m. on April 11, 1972, the decedent, Lawrence L. Batesole, stopped to aid a motorist who had

pulled her car onto the right shoulder of the westbound lanes of US Route #20 in Sandusky County, Ohio, in order to repair a flat left rear tire. At this particular location, and for a considerable distance in either direction, US Route #20 is a four lane divided highway with two westbound lanes and two eastbound lanes. Instead of pulling his pickup truck entirely off the traveled part of the roadway (as the evidence indicated was physically possible), decedent left it a few feet behind, and several feet to the left of the disabled vehicle so that the truck encroached upon the right lane of the highway by several feet. While he was engaged in replacing the "lug" nuts on the wheel of the disabled vehicle, his pickup truck was struck from behind by a tractor-trailer truck which was being driven west on US Route #20 in the right lane at between 45 and 50 miles per hour. The collision drove the pickup truck into the disabled vehicle and the decedent and the other motorist were struck by one or both of these vehicles. Two and a half hours later decedent died of his injuries.

Sharon Batesole, the widow and personal representative of the decedent (hereafter Appellant), originally filed this law suit in the Common Pleas Court of Sandusky County against the driver of the trailer truck, Jack Stratford, his employer, Shippers Dispatch, Inc., and others (hereafter collectively referred to as Appellees). Upon their motion the case was removed to the United States District Court for the Northern District of Ohio, where it was tried before a jury. After appellant's counsel rested his case, which clearly set out the scene described above, the circumstances indicating that defendant Stratford was negligent, and the fact that Stratford had only a " . . . fleeting glance of [decedent] down in front of the pickup truck" prior to the collision, appellees'

counsel made a motion for a directed verdict on the grounds that the decedent's conduct amounted to contributory negligence and was a proximate cause of his injury and death. The district court reserved its ruling on this motion until the appellees concluded their case, which action occurred very shortly as their case consisted solely of a single stipulation concerning the location of the nearest highway patrolpost. The court then denied the appellees' motion. Subsequently it instructed the jury that the defendant Stratford was negligent as a matter of law and thus their deliberations would be limited to deciding whether decedent's conduct constituted negligence which proximately caused the collision and, if not, the amount of damages recoverable. Neither counsel made any objection to the district court's charge as read to the jury when they were given the opportunity to do so, and the court permitted the jury to retire to deliberate. In due course they returned the verdict which precipitated this appeal.

■ In reviewing a federal district court's charge to the jury in a diversity action, it is well settled that the substance of the instructions is controlled by the applicable state law while the method of objecting thereto is controlled by federal law. Lester v. John R. Jurgensen Co., 400 F.2d 393, 396 (6th Cir. 1968); Vol. 9, Wright & Miller, Federal Practice and Procedure: Civil § 2555 (1971). It is also clear that the failure to make a timely objection to " . . . the giving or the failure to give . . . " a particular instruction, as required by Rule 51[1] of the Federal Rules of Civil Procedure, generally precludes assigning the matter as error in a subsequent appeal. Gentry v. Louisville and Nashville R. R., 371 F.2d 829 (6th Cir. 1967); Cutter v. Cincinnati Union Terminal Co., 361 F.2d 637 (6th Cir. 1966);

---

1. Fed.R.Civ.P. 51 provides in pertinent part: " . . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Vol. 9, Wright & Miller, Federal Practice and Procedure: Civil § 2558 at 670 (1971). Thus it initially appears that appellant is barred from challenging the substance of the district court's charge due to counsel's failure to make any objection at the trial. However, as appellant's counsel correctly noted during his oral argument before this Court, the federal courts have recognized a narrow exception to the general prohibition of Rule 51 in cases where an objection would have been a mere "formality" under the circumstances, Sessions v. Union Savings and Trust Co., 338 F.2d 752 (6th Cir. 1964); Harlem Taxicab Ass'n v. Nemesh, 89 U.S.App.D.C. 123, 191 F. 2d 459 (1951), or where the error was "obvious and prejudicial" and required action by the reviewing court "in the interests of justice." O'Brien v. Willys Motors Inc., 385 F.2d 163 (6th Cir. 1967); McNello v. John B. Kelly, Inc., 283 F.2d 96 (3rd Cir. 1960). Thus the question before us is not only whether the district court's instructions were erroneous as alleged by appellant, but also whether any such errors fall within the often stated but rarely applied exception to Rule 51. Morrison v. New York Central R. R., 361 F.2d 319 (6th Cir. 1966). See Vol. 9, Wright & Miller, Federal Practice and Procedure: Civil § 2558 (1971).

■■ Of the numerous assignments of error presented in this appeal only three merit discussion herein. In the first of these appellant argues that the district court erred when it failed to instruct the jury on the law relative to the last clear chance doctrine. If this doctrine were applicable, the court's failure to include it in the charge would constitute error, but such is not the case under the relevant state law. In Ohio the last clear chance doctrine does not apply where the plaintiff's negligent conduct continues and, concurrently with the defendant's negligence, contributes to the accident, Lones v. Detroit, Toledo & Ironton R. R., 398 F.2d 914, 920 (6th Cir. 1968); Brock v. Marlatt, 128 Ohio St. 435, 191 N.E. 703 (1934), or where the defendant has not actually discovered the plaintiff's peril in time to avoid the accident by the exercise of ordinary care. Lones v. Detroit, Toledo & Ironton R. R., supra; Peters v. B. & F. Transfer Co., 7 Ohio St.2d 143, 219 N.E. 2d 27 (1966). In the case at bar, the decedent's conduct continued and contributed to the collision; his truck remained exposed in the right lane of the highway and he was crouched in front of it screened from the view of westbound traffic. In addition, the evidence clearly showed that the defendant Stratford had only a brief glimpse of the decedent immediately prior to the collision. Thus it cannot be reasonably inferred from the evidence that he was actually aware of the decedent's predicament in time to avoid the accident by the exercise of ordinary care. In view of the relevant Ohio law, it would have been incorrect for the district court to charge the jury on the last clear chance doctrine in this case, Brock v. Marlatt, supra; Pennsylvania Co. v. Hart, 101 Ohio St. 196, 128 N.E. 142 (1920), and therefore we conclude that the district court's omission of any reference to the doctrine was not erroneous.

■ The second assignment of error requiring consideration concerns the portion of the district court's charge dealing with Ohio Revised Code, Section 4511.66, Prohibition against parking on highways.[2] As interpreted according to Ohio law, this section expresses a rule of

---

2. "§ 4511.66 Prohibition against parking on highways. (GC § 6307–64)

Upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway."

conduct in general and abstract terms and thus its violation does not constitute negligence per se, nor does it generate any civil liability unless the conduct which violates the statute also violates the common law test for negligence. Lester v. John R. Jurgensen Co., 400 F. 2d 393 (6th Cir. 1968); Eisenhuth v. Moneyhon, 161 Ohio St. 367, 373, 119 N.E.2d 440, 444 (1954). In instructing the jury on this subject the court read the pertinent parts of 2 Ohio Jury Instruction § 225.66,[3] the section dealing with this particular statute, and then continued as follows:

"If you find that Plaintiff's decedent, Lawrence L. Batesole, left his vehicle standing upon the paved part of the highway, and that it was practicable for him to have parked or left the vehicle off the paved part of the highway, even though it was left so that a lane of the highway was open, and so that it was visible for a distance of two hundred feet, then you will have found that Plaintiff's decedent was negligent, and if so, you will reach the fourth issue for your determination, was such negligence a proximate cause of his death and injuries?"

Appellant contends that, particularly in the absence of any definition of the term "practicable" in the charge, this paragraph, in effect, instructed the jury that, if they found that it was physically possible to park the truck completely off the traveled part of the highway, decedent's failure to do so constituted negligence per se regardless of what a reasonable person would have done under the circumstances. We cannot agree.

■■ In determining if a challenged instruction is erroneous and requires a new trial, an appellate court must consider the charge in its entirety. Cobb v. Union Ry. Co., 318 F.2d 33, 37 (6th Cir. 1963). Such a consideration in this case reveals that not only did the court instruct the jury on negligence and ordinary care, it also specifically informed them, immediately before giving the part of the charge described above, that:

"The third question or issue, for your **determination** is whether the Plaintiff's decedent, Lawrence L. Batesole, was guilty of negligence."

The challenged paragraph neither altered nor negated these basic instructions. Neither did it instruct the jurors that they must find that the decedent was negligent if they found that there was sufficient space to accommodate the pickup truck on the shoulder of the highway. On the contrary, the paragraph involved here instructed that the jury should find that decedent was negligent if he did not do what was "practicable," in spite of the fact that they might find that he had complied with the statute to the extent that he left his truck so that it was visible for more than 200 feet in either direction and was not blocking the westbound lanes entirely. Thus the challenged paragraph was neither inconsistent with a proper interpretation of the statute involved, nor incorrect.

■ Admittedly a definition of the term "practicable" might have obviated

3. 2 OJI § 225.66 (1970). Parking on highway (standard instruction).

"a. Statute. The law provides that upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of the highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

"b. Off Traveled Portion. If you find that it was practicable to move the vehicle then it must be moved off the traveled portion of the highway.

"c. On Traveled Portion. If you find that it was not practicable to move the vehicle off the traveled portion of the highway, then it must be moved and so parked that the opposite lane is open and the vehicle is visible to traffic approaching in both directions for a distance of two hundred feet."

any possible misunderstanding which might arise out of the questioned paragraph. However, we cannot say that such an omission confused the meaning of the court's instructions or misled the jury to the belief that the sole question they had to decide, in determining if decedent was contributorily negligent, was whether there was sufficient space to remove the pickup truck from the traveled part of the highway. Thus we are unable to conclude that this omission was an "obvious and prejudicial" error.[4] In addition, an examination of the record reveals that not only did the court voice its adoption of a correct interpretation of the substantive law which was consistent with that presented by appellant here, it also indicated its clear understanding of the applicable law by its rejection of a negligence per se instruction request presented by appellees' counsel. Thus, rather than being a mere "formality" or an exercise in futility, an objection by appellant's counsel in this case would have fulfilled the basic purpose of Rule 51 by alerting the trial judge to a potential problem area, and would have aided him in his effort to clearly and correctly instruct the jury. Under these circumstances, the omission of a definition of "practicable," even if considered error, does not fall within the exception to the general prohibition of Rule 51 noted above, and consequently appellant's attempt to gain a new trial on that basis must fail.

■■■■ The last assignment of error we will discuss herein concerns the omission of any instruction on the law as to the burden of proof of contributory negligence in the district court's charge. In Ohio, as is true in a majority of jurisdictions, the burden of proof of contributory negligence rests upon the defendant throughout the proceedings. 29 Am.Jur.2d, Evidence § 135 (1967). However, where plaintiff's evidence gives rise to an inference of contributory negligence, the plaintiff must counterbalance this inference by the tender of equal evidence or assume the risk of an adverse finding by court or jury, even though the burden of proof on the issue has remained on the defendant, who may have produced no evidence on it. Mikula v. Slavin Tailors, 24 Ohio St. 2d 48, 53, 263 N.E.2d 316, 320 (1970); Ziebro v. City of Cleveland, 157 Ohio St. 489, 492, 106 N.E.2d 161, 163 (1952); Tresise v. Ashdown, 118 Ohio St. 307, 160 N.E. 898 (1928). An unqualified instruction stating only that the defendant had the burden of proof on this issue clearly would have been erroneous under Ohio law, Mikula v. Slavin Tailors, *supra*; Greenawalt v. Yuhas, 83 Ohio App. 426, 84 N.E.2d 221 (Ct.App. 1947). Apparently recognizing this, appellant seems to advocate an instruction which would guide the jury in determining whether any inference raised by her evidence had been counter-balanced. Appellees respond with the argument that, since the inference of contributory negligence necessarily arose from appellant's evidence and was not dispelled thereby, no instructions on the subject were necessary. In view of the evidentiary posture of this case we are constrained to agree with the appellees' argument.

■■■■ Although there is some conflict in the testimony of appellant's witnesses concerning the exact location of the decedent's pickup truck prior to the collision, it is undisputed that that vehicle was encroaching on the highway to some degree. In addition, there is clear evidence in the record to establish (quoted in appellant's brief without disapproval) that the point of impact between the tractor-trailer rig and the pickup truck was "approximately four feet five inches south of the north edge of the right hand or driving lane of the westbound

---

4. Parenthetically we note in this regard that nowhere in the standard instructions presented in Ohio Jury Instructions, the work repeatedly cited as authority by appellant's counsel in his brief, is there any indication that a definition of "practicable" is necessary where this statute is involved.

lanes."[5]  Under these circumstances it cannot be said that there was no inference of contributory negligence, or that reasonable minds could differ on the issue of whether appellant had counterbalanced it by the presentation of equal evidence. Clearly she had not. Consequently we must conclude that this issue was not one for the jury, and thus we hold that the district court's decision to omit an instruction on this matter was not error in this case.

■ Even if this omission were considered error, it also would not fall within the exception to the general prohibition of Rule 51 previously noted. The record discloses nothing which would support the "formality" rationale for excusing the Rule 51 objection requirement. More importantly, unlike the situation in O'Brien v. Willys Motors, Inc., 385 F.2d 163 (6th Cir. 1967) where, in spite of the lack of an objection by plaintiff's counsel, we vacated a jury verdict for defendant when the district court failed to instruct on the burden of proof of contributory negligence, the alleged error in this case neither concerned an "essential" question at the "heart of the case" nor was prejudicial to appellant. The "essential" questions at the "heart" of this case were the location of decedent's truck, and whether his leaving it in that position constituted contributory negligence under the circumstances. The omission of this burden of proof instruction did not alter the jury's perspective of these issues or improperly shift the burden of proof since, under Ohio law, it was incumbent upon appellant to dispel or counterbalance the inference of contributory negligence clearly raised by her evidence. Thus we conclude that, even if this omission were to be considered error, it would not justify a disregard of the provisions of Rule 51 or a reversal of the judgment entered upon the jury verdict by the court below.

For the reasons stated above the judgment of the district court is affirmed.

5. Statement of Facts, Appellant's Brief, p. 11, citing page 84a of the Appendix and, by reference, 145–46 of the Transcript.