816 F.2d 678
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby BAGGETT, Administratrix of the Estate of Bobby Glenn
Hamrick, and as a Parent and Next of Kin of Bobby
Glenn Hamrick, Deceased, Plaintiff-Appellant,
v.
SEABOARD SYSTEM RAILROAD, INC., Defendant-Appellee.
 No. 86-5464.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and TAYLOR, District Judge*.
 PER CURIAM.
 
 
 1
 On March 24, 1984, about 4:10 a.m., Bobby Glenn Hamrick was a passenger in a car which became stuck on the main track of defendant-appellee Seaboard System Railroad (Seaboard) in Madisonville, Tennessee. Leon Harvey, a tow truck driver, passed the car and offered assistance, which was refused. Harvey called the Madisonville Police Department, which sent two police cars to the scene, one of which parked across the tracks with its overhead warning lights flashing. A Seaboard train approached from the south, sounding its whistle at each of five crossings about 500 feet apart. Despite warnings from Harvey, the police officers, the flashing of signal lights and clanging of a bell at the crossing, the sounding of the train's whistle as it the train's headlight, Hamrick remained in the automobile, and was killed when the train struck it.
 
 
 2
 The jury found for the defendant and granted the defendant recovery of its costs. The defendant's motion for a new trial was denied. On appeal, Baggett argues that the district court erred in presenting a jury instruction on gross negligence; that it was proper to raise the jury instruction issue on appeal, although Baggett did not raise that issue until he moved for a new trial; and that the alleged error was prejudicial to his allegations of gross negligence and last clear chance. Because we hold that it is not proper to raise this jury instruction issue on appeal without having first raised it prior to jury deliberation, we affirm the district court's decisions.
 
 
 3
 Rule 51, Fed. R. Civ. P., provides that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Baggett argues that Rule 51.02, Tenn. R. Civ. P., applies: "The failure to make an objection [to a jury instruction at trial] shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial." He characterizes this issue as a substantive one of erroneous and prejudicial jury instructions. This contention lacks merit. Although state law determines the substance of the instructions given in a diversity action, federal law and the Federal Rules of Civil Procedure control the manner and method of instructing.the jury. Moore's Federal Practice, 51.02-1. See also Balesole v. Stratford, 505 F.2d 804 (6th Cir. 1974). In the absence of objection, federal jury instructions are not reviewable. McDaniel v. Carroll, 457 F.2d 96 B (6th Cir. 1972). An appellate court may discretionarily consider grounds of error where a miscarriage of justice is facially apparent, but we hold that there is no such miscarriage in this case.
 
 
 4
 Seaboard characterizes the issue as one of the sufficiency of evidence to support the verdict. It is a well established rule of the Sixth Circuit, indeed of all circuits, that an appeal of the sufficiency of the evidence to support a verdict must be preceded by a motion for a directed verdict. "In accordance with this rule of law we again hold that since the defendant did not renew its motion for a directed verdict at the close of the entire testimony, 'the claimed insufficiency of the evidence is not before us.' " Warner v. Kewanee Machinery & Conveyer Company, 411 F.2d 1060, 1063 (6th Cir. 1969) (citation omitted); Young v. Langley, 793 F.2d 792, 794 (6th Cir. 1986); see also Southern Railway Company v. Miller, 285 F.2d 202 (6th Cir. 1960).
 
 
 5
 Whether we characterize this issue as one of jury instructions or evidentiary sufficiency, the issue is not properly before us. Because we so hold, we need not deal with Baggett's other two issues. The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation