**Milo HOLT, and Milo Holt By and through his mother and next friend, Brenda Wilkey, Plaintiffs–Appellants,**

v.

**Johnny Lowell ARTIS, William B. Matlock, and D. Eugene Burkhart, Defendants–Appellees.**

No. 87–5027.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1987.

Decided March 30, 1988.

Rehearing and Rehearing En Banc Denied May 17, 1988.

**244**

Daniel T. Taylor, III (argued), Cynthia E. Sanderson, Louisville, Ky., for plaintiffs-appellants.

Thomas B. Russell, Whitlow, Roberts, Houston, Russell, Richard C. Roberts (argued), Paducah, Ky., for defendants-appellees.

Before KEITH and WELLFORD, Circuit Judges and HULL, District Judge.[*]

HULL, District Judge.

Milo Holt appeals from a jury verdict in favor of the defendants in this civil rights action, claiming that the trial court erred in refusing his tendered jury instructions. While the refusal of the three instructions urged in this appeal does not, of itself, appear to require reversal, when the jury charge is considered as a whole, this Court is of the opinion that the plaintiff is entitled to a new trial.

In his suit brought under 42 U.S.C. § 1983, Holt contended that the defendant City of Paducah police officers arrested him without probable cause; handcuffed him; beat him without provocation or legal justification; and took him to the McCracken County Jail where he was refused toilet facilities and was forced to foul himself. Except for the question of whether or not Mr. Holt was beaten by the officers, there are few facts in dispute. On September 16, 1984, Mr. Holt was observed trying to open the doors and windows of a second-hand clothing store which happened to be closed. The police were called but did not arrive until after Mr. Holt, and a companion named Timothy Parker, had abandoned these efforts and walked away. The eye witnesses flagged down Officer Matlock, reported what they had seen, and described the two young men. Matlock radioed their descriptions to Officer Artis who spotted the suspects, got out of his car, and attempted to question them. Apparently Holt, who is mentally retarded, failed to respond to the questions while Parker became rude and abusive. When Officer Matlock arrived on the scene, he attempted to separate the boys for better questioning. When he took (or grabbed) Holt by the arm, Holt "went wild"—reportedly out of fear of the police. He was forcibly subdued, handcuffed, and taken to the police station.

Holt contends that these events constitute violations of his Fourteenth Amendment right to due process of law because the policemen had no right to arrest him, without a warrant, for a misdemeanor they had not witnessed; because he had every right to remain silent in the face of questioning; because he had the right to physically resist an unlawful arrest; and because, even if the arrest was found to have been lawful, the defendants used more force than was reasonably necessary under the circumstances. Holt requested various jury charges in support of his theories of recovery, most of which were refused. Three of these requests form the basis of the instant appeal.

■ The first requested instruction involved specific intent. It was worded in the following manner:

> The fact that Defendants Artis, Matlock and Burkhart, or any of them, either through ignorance or indifference, may have had no specific intent or purpose to deprive this plaintiff of his civil rights will not absolve that Defendant from liability if he did in fact deprive Plaintiff of his rights.

This is a true statement of the law governing civil rights actions. *See*, for example, *Kerr v. City of Chicago*, 424 F.2d 1134, 1140 (7th Cir.1970), *cert. denied*, 400

---

[*] The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation.

U.S. 833, 91 S.Ct. 66, 27 L.Ed.2d 64. Whether or not its refusal constitutes reversible error will be considered, *infra,* in light of the charge, taken as a whole.

The second proffered instruction concluded with the following sentence:

> The 14th Amendment to the Constitution of the United States provides that no State shall deprive any person of life, liberty, or property without due process of law.

▮ Obviously, this too is a correct statement of the law which could easily have been included in the jury charge. The language actually charged did not specifically mention the Fourteenth Amendment nor its protection of life and property. However, it accurately described the due process rights at issue in the case. The trial court charged the jury as follows:

> In this case, the plaintiff claims damages alleged to have been sustained by him as a result of a deprivation under color of state law of a right secured to the plaintiff by the constitution of the United States and by an act of Congress providing for equal rights of all persons within the jurisdiction of the United States. Specifically, plaintiff alleges that, while the defendants were acting under color of authority of the State of Kentucky as members of the police department of the City of Paducah, they subjected the plaintiff to the deprivation of rights and privileges secured and protected to him by the Constitution and laws of the United States, namely the constitutional rights not to be deprived of his liberty without due process of law and a constitutional right to be free from the use of excessive force against his person during the course of arrest. You are instructed that, as a matter of law under the Constitution of the United States, every person has a right to a liberty, that is the right not to be arrested without due process of law. And every person has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with due process of law.

Refusal of plaintiff's requested Fourteenth Amendment charge was not error.

Finally, plaintiff Holt contends that the trial court erred in not charging the jury his instruction with regard to the Fifth Amendment. He requested the following language:

> The law provides that an individual has the right to remain silent when in the focus of an investigation and confronted by a police officer; it is not against the law to do so, indeed it is a basic right provided to all by the Constitution of the United States.

▮ Once again, plaintiff has accurately described existing law. However, this requested charge is not relevant to his claim. There was no indication that the plaintiff was forced to give evidence against himself nor that he was arrested for his silence. The charge language quoted above correctly focussed the jury's attention upon the due process issues in this case—whether the defendants had probable cause to arrest Mr. Holt and whether they used more force than was reasonably necessary in making his arrest. There was no error in refusing the Fifth Amendment charge.

Neither party has raised on appeal the aspect of the jury charge which causes this Court the most concern. While judicial review of language not assigned as error by either party is normally precluded by Rule 51, Federal Rules of Civil Procedure, a narrow exception to this rule has been recognized when the reviewing court encounters obvious and prejudicial error. *See Ivey v. Wilson,* 832 F.2d 950 (6th Cir.1987); *Batesole v. Stratford,* 505 F.2d 804, 808 (6th Cir.1974).

▮ The error that strikes this Court as both obvious and prejudicial is the fact that the defendants' affirmative defense of good faith was put to the jury as a question of fact. The Court charged the jury in the following language:

> The theory of the defendants' case is that they acted in good faith. A defendant who acts in good faith, and with a reasonable belief that the conduct is constitutional, cannot be found liable for a

violation of the plaintiff's civil rights. The burden is on the defendants to prove that they acted in good faith.

This instruction is clearly erroneous. For one thing, it suggests to the jury that good faith is measured subjectively—based on the officer's state of mind. It has long been recognized that good faith must be judged by objective standards. *See Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In addition, because this case involved clearly established constitutional rights, the trial court should have determined well before trial that the good faith defense was not available to the defendants as a matter of law. *See Dominque v. Telb,* 831 F.2d 673, 677 (6th Cir.1987). If the defendants arrested the plaintiff without probable cause, or subjected him to more force than was reasonably necessary under the circumstances, then they are liable for his injuries. What they believed is not at issue, and they cannot have acted in good faith.

■ As indicated earlier, Holt claims that the trial court erred in refusing to give his requested charge that he need not prove the defendants had the specific intent to violate his civil rights. The refusal to charge what the plaintiff need not prove, when coupled with an accurate charge of what he must prove, would not constitute reversible error. However, in this case, when the trial court gave a charge with regard to the issue of good faith, which implied that the jury should examine the officer's beliefs, the refusal of the specific intent charge was highly prejudicial to the plaintiff's case.

Accordingly, the jury's verdict in favor of the defendants is VACATED and this case is REMANDED to the district court for a new trial.

WELLFORD, Circuit Judge dissenting.

I am in agreement with a considerable part of Judge Hull's rationale in this case, but dissent in respect to the remand of the case for a new trial. Judge Hull concedes that the jury instructions in question "accurately described the due process rights at issue in the case." It was therefore not error to decline the proffered instruction requesting fourteenth amendment language. Judge Kerner in *Kerr v. City of Chicago,* 424 F.2d 1134, 1140 (7th Cir.), *cert. denied,* 400 U.S. 833, 91 S.Ct. 66, 27 L.Ed.2d 64 (1970), merely held that the "specific intent" requested instruction in a comparable situation "would [not] confuse the jury but, instead, would be helpful." The *Kerr* court did not hold that the giving of such a requested instruction was necessary, or that the failure to give it was error in a § 1983 action for alleged violation of civil rights. It was clearly not reversible error in this case to decline to give this particular requested instruction on specific intent.

I agree also that the requested charge on the right to remain silent was "not relevant" to plaintiff's claim, and, therefore was properly refused by the district court. The aspect of the district court's charge which formed the basis for the remand was concededly not raised on appeal. This dealt with the defendants' theory of good faith, which the district court instructed was required to be proved by defendants including language that such belief must be "reasonable." I do not feel that this instruction on defendants' theory of the case, not objected to, even if it were construed to be in some respect inadequate, is a basis for finding clear error, or that plaintiff was deprived of an essentially fair trial. *Dominque v. Telb,* 831 F.2d 673 (6th Cir.1987), cited as support for a new trial remand, simply held that the affirmative defense of qualified immunity does not impose upon the defendant "the entire burden to justify his entitlement." 831 F.2d at 676. A defendant claiming such qualified or good faith immunity is not required "to prove ... that the conduct alleged did not violate clearly established law." *Id.*

Reasonable good faith, asserted by defendants as a basis for immunity or non-liability, related to whether the officers were aware that Milo Holt was retarded when they came into contact with him in response to a complaint that two suspects, one reasonably believed to be plaintiff Holt, were attempting to break into and enter a clothing store. It seems evident to me that the defendant officers had proba-

ble cause to detain and question the suspects, including plaintiff, and to make an arrest if it were shown that plaintiff was involved in the reported crime. I fail to see how the charge given was so clearly incorrect or prejudicial that a new trial is mandated, particularly in the absence of objection, and in the absence of any complaint about it in the appeal.

I believe the majority misapprehends the law of qualified immunity as applied to the facts of this case. While the right to be free from arbitrary arrest or arrest without probable cause, and the right to be free from the use of excessive force may be clearly established, it does not follow that defendants' actions in this case were objectively unreasonable as a matter of law. The question presented here was whether the specific circumstances of the arrest constituted probable cause and/or justified the use of force. In this respect the trial court needed to consider the relevant information possessed by the officers at the time. The officers' subjective belief may not be relevant, but their objective knowledge about the background and facts which they addressed is indeed relevant. *See Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 3039, 3040, 97 L.Ed.2d 523 (1987).

I would AFFIRM the judgment of the district court accordingly.