DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Butler, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
 I.
Early in the morning on January 25, 1998, James Butler, appellant, and his wife Sandra Butler were driving westbound on interstate 76. Near the Main Street exit, they spotted a disabled car that was facing oncoming traffic and was partially blocking the highway. Mr. Butler stopped to see if the driver, who was intoxicated, needed assistance. As it was dark and the disabled car did not have its headlights or emergency flashers on, Mr. Butler parked his car between the disabled vehicle and oncoming traffic and turned on his hazard flashers. Mr. Butler testified that he did this to protect the driver of the disabled vehicle. Then, Mr. Butler began to direct traffic. Another motorist, Antoine Grant, who parked his car on the berm, later joined him. While they were waiting for the emergency vehicles to arrive, the car of Andrew Rejon, Jr., appellee-tortfeasor, crashed into the rear of the Butlers' car, injuring Mrs. Butler, who was in the passenger seat. As Mr. Butler and Mr. Grant were extricating Mrs. Butler from the wreckage, Mr. Butler aggravated a pre-existing back injury.
At the time of the collision, Mr. Rejon's insurance policy provided $50,000[1] in liability coverage, and Mr. Butler's policy with State Farm Mutual Automobile Insurance Company ("State Farm") provided $100,000 in underinsured motorists coverage.
On January 19, 1999, Mr. and Mrs. Butler filed a complaint in the Summit County Court of Common Pleas, naming Mr. Rejon and State Farm[2] as defendants. Immediately before trial, on July 15, 1999, the trial court bifurcated the claims against State Farm from the trial, as State Farm had agreed to be bound by the jury verdict against Mr. Rejon.
A jury trial was held on July 15 and 16, 1999. Mr. Butler moved for a directed verdict on the issue of negligence on July 15, 1999. The trial court directed a verdict on the issue of negligence, finding that Mr. Rejon was negligent because he violated the assured clear distance law by causing the collision. Then, counsel for both sides submitted proposed jury instructions to the trial court. Over Mr. Butler's counsel's strenuous objections, the trial court refused to instruct the jury on the Good Samaritan statute and the term "practicable" in R.C. 4511.66. The issues of comparative negligence and damages were sent to the jury. On July 16, 1999, the jury awarded Mrs. Butler $20,000 and awarded Mr. Butler $8,000, but found him to be thirty-five percent comparatively negligent. Thus, Mr. Butler received a $5,200 net verdict. The trial court entered judgment in accordance with this verdict. This appeal followed.[3]
 II.
Appellant asserts three assignments of error. We will address each in due course. The second and third assignments of error will be consolidated, as they share common issues.
 A.
First Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY BIFURCATING STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY [sic] FROM THE TRIAL.
Appellant argues that the trial court erred to the prejudice of Mr. Butler by bifurcating the claims against State Farm from the claims against Mr. Rejon. This argument is without merit.
Pursuant to Civ.R. 42(B), the trial court in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or third-party claims, or issues, always preserving inviolate the right to trial by jury. "The decision of whether or not to bifurcate the proceedings, however, is a matter within the sound discretion of the trial court." Sheets v. Norfolk S. Corp. (1996), 109 Ohio App.3d 278,288, citing Heidbreder v. Trustees (1979), 64 Ohio App.2d 95, 100; see, also, Webb v. Smith (Nov. 18, 1998), Summit App. No. 18859, unreported, at 13-14. Thus, this court will not interfere with a trial court's decision to bifurcate pursuant to Civ.R. 42(B), unless the trial court abused its discretion. Sheets,109 Ohio App. 3d at 288. An abuse of discretion is more than an error in judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
We find no abuse of discretion in the case at bar. In its motion to the court below, State Farm argued that it would be prejudiced if the jury were informed that insurance was available to satisfy the judgment. In granting State Farm's motion, the judge below agreed that it would be "highly prejudicial to have [State Farm] in [court] for no reason at all [during trial]." We adduce that this is a valid basis for bifurcation and that there is no evidence of perversity of will or the like; therefore, we conclude that the trial court did not abuse its discretion in bifurcating the claims against State Farm. Butler's first assignment of error is overruled.
 B.
Second Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT CHARGING THE JURY UNDER THE GOOD SAMARITAN LAW.
Third Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY CHARGING THE JURY THAT A VIOLATION OF R.C. § 4511.66 [sic] CONSTITUTED NEGLIGENCE PER S.E. [sic].
In his second and third assignments of error, appellant asserts that the trial court erred when it failed to instruct the jury on the Good Samaritan statute and when it instructed the jury that a violation of R.C. 4511.66 constituted negligence per se. We disagree.
"It is well established that the trial court will not instruct the jury where there is no evidence to support an issue."Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, citing Riley v. Cincinnati (1976), 46 Ohio St.2d 287. Consistent with this principle, requested instructions ordinarily should be given if they are "`correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction.'" (Citations omitted.)Murphy, 61 Ohio St.3d at 591. Thus, in reviewing the trial court's decision to reject a proposed jury instruction, this court must determine whether the record contains evidence from which "`reasonable minds might reach the conclusion sought by the instruction.'" Id.
Ohio's Good Samaritan statute, R.C. 2305.23, states in pertinent part:
 No person shall be liable in civil damages for administering emergency care or treatment at the scene of an emergency outside of a hospital, doctor's office, or other place having proper medical equipment, for acts performed at the scene of such emergency, unless such acts constitute willful or wanton misconduct. * * *
In interpreting a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. In order to be covered by the Good Samaritan statute, one must be providing emergency medical care or treatment to another individual. R.C. 2305.23. Consequently, R.C. 2305.23 shields a good samaritan from civil liability in an action brought by the person to whom emergency medical care was rendered. We conclude that this statute generally does not cover third parties. Thus, we find that even though appellant was trying to protect the disabled driver, appellant did not provide emergency care or treatment to Mr. Rejon, and consequently, cannot use R.C. 2305.23 as a shield from liability in a comparative negligence action. Therefore, we hold that the trial court did not err to the prejudice of Mr. Butler when it did not charge the jury on the Good Samaritan statute. Appellant's second assignment of error is overruled.
Appellant also asserts that the trial court erred by instructing the jury that a violation of R.C. 4511.66 is negligence per se.
It is well-settled law that when the legislature "enacts a law which commands or prohibits a specific act for the safety of others, and it is violated by one whose duty it is to obey it, such a violation constitutes negligence per se." (Emphasis added.) Gonzalez v. Henceroth Enterprises, Inc. (Dec. 15, 1999), Lorain App. No. 98CA007043, unreported, at 4, citing Eisenhuth v.Moneyhon (1954), 161 Ohio St. 367, paragraph three of the syllabus. However, where the legislature enacts a rule of conduct "for the safety of others, in general or abstract terms, * * * negligence per se [sic] has no application and liability must be determined by the application of the test of due care exercised by a reasonably prudent person under the circumstances of the case."Eisenhuth, 161 Ohio St. at paragraph three of the syllabus. Thus, in order for a violation of a statute not to constitute negligenceper se, the statute must require "more than a single issue of fact [in determining] whether a violation has occurred" and must "not impose a fixed and absolute duty which is the same under all circumstances." Becker v. Shaull (1992), 62 Ohio St.3d 480,483-84.
Now we turn to the statute at issue in the case at bar. R.C.4511.66 provides:
 [u]pon any highway * * * no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.
 This section does not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position.
As it pertains to the present case, the plain language of R.C. 4511.66 requires two separate questions of fact to be answered by the jury: (1) was the vehicle stopped or parked on the main traveled portion of the highway, and (2) was it practicable to stop or park off the highway. Consequently, in order to find Mr. Butler comparatively negligent, the jury must not only find that he parked his vehicle on the highway, but must also find that it was impracticable for him to park on the shoulder. The question of practicability depends on the circumstances surrounding each particular case. Hence, we conclude as R.C. 4511.66 fails to impose a fixed and absolute duty, which is the same under all circumstances, it is a general duty statute and the standard of care required is that of a reasonably prudent person under the circumstances. See Batesolev. Stratford (1974), 505 F.2d 804, 808-09 (holding that a violation of R.C. 4511.66 did not constitute negligence per se
because it "express[ed] a rule of conduct in general and abstract terms," and thus, the common law test for negligence applied).
Furthermore, the Ohio Supreme Court found that a violation of R.C. 4511.66 did not constitute negligence per se in Smiddy v.The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 37-38. InSmiddy, the court found that
 [a]lthough R.C. 4511.66 is a highway safety statute, it does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway. Rather, doing so is prohibited only if it is practicable to stop, park, or leave the vehicle off the traveled portion of the highway. Further, the statute exculpates the driver if it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position. Therefore, negligence does not automatically follow from the fact that a disabled vehicle is stopped on the traveled portion of a highway.
(Citations omitted.) Id. Hence, mere stopping or parking on the main traveled portion of a highway, in violation of R.C.4511.66, does not constitute negligence per se. Id.
In the case at bar, we find that the trial court did not err in its instruction to the jury regarding R.C. 4511.66. In instructing the jury, the trial court used the appropriate portions of 2 Ohio Jury Instructions (1999), Section 225.66, which corresponds to R.C. 4511.66. The pertinent part of the trial court's instruction states:
 You will then pass on to consider whether the plaintiff, James Butler, was also negligent because of his activities. The defendant claims what we call comparative negligence, that Mr. Butler was also negligent by his activities. They claim a violation of law that contributed to the plaintiff James Butler's injuries as he was the driver of the car.
 In that regard, the law states upon any highway outside a business or residential district a person must not stop or park any vehicle whether attended or unattended on the paved or main traveled portion of the highway if he can stop or leave such vehicle off the highway. In any case, a clear and unobstructed portion of the highway opposite such standing vehicle must be left for the free passage of other vehicles.
 There must be a clear view of the stopped vehicle from the distance of 200 feet in each direction on the highway. If you find that his vehicle could be moved, then it must be moved off the traveled portion of the highway. (Emphasis added.)
Appellant argues that this instruction would lead the jury to believe that a violation of the statute constitutes negligence perse because it does not include the term "practicable" as it appears in the statute. We disagree.
In determining whether a trial court erred in its instruction to a jury, we must consider the trial court's instructions to the jury in their entirety. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. After carefully reviewing the entire charge to the jury in the present case, we find that the court below did not err in its instruction to the jury. Immediately before giving the above quoted instruction pursuant to R.C. 4511.66, the trial court instructed the jury on common law negligence. It stated that "[n]egligence is a failure to use ordinary care. * * * Ordinary care is the care that a reasonably cautious or careful person would use under the same or similar circumstances." Thereafter, the court below informed the jury that it must decide whether Mr. Butler was negligent: "[y]ou will then pass on to consider whether the plaintiff, James Butler, was also negligent because of his activities." Thus, the jury had the opportunity to consider whether Mr. Butler acted reasonably under the circumstances.
Further, we find that the court's instruction pursuant to R.C. 4511.66 did not alter or negate the court's general instruction on negligence. Consistent with 2 Ohio Jury Instructions, Section 225.66, the trial court used the word "can" instead of "practicable" in its charge. Both words lead the jury to analyze whether it was possible for Mr. Butler to park off the highway. Thus, the court did not instruct the jury to find that Mr. Butler was negligent if there was adequate space on the shoulder of the highway where he could park his vehicle, and he did not. Rather, it informed that jury that Mr. Butler was negligent if he could park his automobile off the highway. Hence, as we find that the issue of whether Mr. Butler exercised ordinary care was before the jury, we conclude that the trial court did not err in its instructions. Accordingly, appellant's second and third assignments of error are overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
SLABY, P.J., CONCURS.
[1] Although the parties do not dispute the amount of the coverage, the record did not contain and the parties did not provide the materials required to verify the amount.
[2] In complying with the terms of the insurance contract, Mr. Butler named State Farm as a defendant, so as to preserve his right to underinsured motorist coverage.
[3] While Mr. Butler chose to appeal this decision, Mrs. Butler did not.