Christopher BALL, an infant by Harley Ball, his father and natural guardian, Plaintiff-Appellant,

v.

E. I. Du PONT De NEMOURS & COMPANY, Defendant-Appellee.

No. 74–1352.

United States Court of Appeals, Sixth Circuit.

July 24, 1975.

716

Jerome Edelman, Melvin Block, Brooklyn, N.Y., Charles E. Smart, Canton, Ohio, for plaintiff-appellant.

John R. Schoemer, Jr., New York City, L. E. Oliphant, Jr., Cleveland, Ohio, for defendant-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment based on a jury verdict rejecting Appellant's negligence claim and the District Court's directed verdict against Appellant's strict liability claim. We affirm.

When appellant was ten years old, he found an unlabeled object in his front yard. He showed it to his parents and two cousins, who thought it might be a radio part or thermocouple. Appellant took the object to his basement, where he sometimes tinkered with his father's electrical equipment. When he attached the object to a battery charger, there was an explosion, which resulted in permanent eye damage and other injuries.

Appellant originally joined his claim in a complaint filed in March 1969 in the Eastern District of New York, alleging that a large number of children had been injured because of the explosives industry's failure to design a safe blasting cap and to place a warning notice on each cap. His claim was severed and transferred to the Northern District of Ohio. *Hall v. E. I. Du Pont de Nemours & Co.,* 345 F.Supp. 353, 385 (E.D.N.Y.1972).

Certain facts were admitted at trial. The object which had exploded in Appellant's face was a blasting cap manufactured by Appellee in 1949. Appellant's version of the incident was not disputed. The issues which emerged were whether Appellee had been negligent in failing to put a warning on the blasting cap and whether, if so, its negligence was the proximate cause of Appellant's injuries. Appellant's strict liability claim—that, under Ohio law, Appellee had breached an implied warranty—was dismissed by the District Court at the end of Appellant's presentation of evidence on the ground that there was "a complete absence of evidence to support plaintiff's charges that the blasting cap . . . was not free of defects in design or defective in any other way, and was not safe for its intended use." The negligence question was submitted to the jury, which returned a verdict for Appellee.

Appellant raises ten points of error.

■ First, Appellant claims that the District Court committed "fundamental error" in charging the jury in what are characterized as "general terms and principles, without relating the general terms and principles to the evidence." Having failed to object to the charge under Rule 51, Fed.R.Civ.P., Appellant must show that the alleged error "was 'obvious and prejudicial' and required action by the reviewing court 'in the interests of justice.'" *Batesole v. Stratford,* 505 F.2d 804, 808 (6th Cir. 1974). *See also O'Brien v. Willys Motors, Inc.,* 385 F.2d 163, 166 (6th Cir. 1967). Appellant must establish that the District Court's charge amounted to "an error so serious and flagrant that it goes to the very integrity of the trial." *Modave v. Long Island Jewish Medical Center,* 501 F.2d 1065, 1072 (2d Cir. 1974).

■ A jury charge must sufficiently relate the law to the evidence in a given case as to leave no reasonable question in the jury's mind what the basic issues are to be decided. *United States v. Lozaw,* 427 F.2d 911, 916 (2d Cir. 1970); *McNellow v. John B. Kelly, Inc.,* 283 F.2d 96 (3d Cir. 1960); *Lachmann v. Pennsylvania Greyhound Lines,* 160 F.2d 496 (4th Cir. 1947). On the other hand, a district judge need not summarize the evidence during his charge. *See United States v. Holley,* 502 F.2d 273, 276 (4th Cir. 1974). Accordingly, the need to relate the facts to the law in a given case. is largely in the discretion of the district judge. *Chicago & N.W. Ry v. Rieger,* 326 F.2d 329, 337 (8th Cir.), *cert. denied,* 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964).

■ We have reviewed the charge and find no particular error in its statement of Ohio law. Furthermore, the charge considered as a whole adequately presented to the jury the basic questions for its decision. Indeed, rather than giving merely boilerplate instructions, the District Court explained Appellant's particular claims of negligence, summarized the two basic issues of negligence and proximate cause, and emphasized that the question of negligence depended on whether Appellee had fulfilled its duty of care "in the light of standards of conduct that existed in 1949, twenty-four years ago, when the blasting cap was manufactured." The jury understood the law as stated by the District Court. No error, fundamental or other, was committed in this respect.

Second, Appellant complains that the District Court erred in "disqualifying" as an expert his witness on the proper labeling and manufacturing of explosives, Daniel J. O'Connell.

■ O'Connell was presented as an expert in civil engineering, who claimed to have expert knowledge of explosive

devices and their proper care and labeling before 1949. In fact, the evidence showed that he had been involved in blasting only once before 1949 and that his opinions as to 1949 industry standards for labeling were based on little more than his own beliefs. The District Court told the jury that O'Connell's testimony should be accepted as that of an expert in the field of civil engineering and added:

> He has not been qualified as an expert in the field of labeling, packaging, and distributing of blasting caps, during the year 1949 and prior thereto.

> You may accept his testimony as to those subjects as experience and observation gained in the performance of his duties while in the laboratory and in the field, as he has testified, during which time he either observed, handled, and was exposed to blasting caps, their packaging, their description, as well as his observations and exposure to packaging, labeling and handling of other explosive items to which he has testified.

We find no error in this statement to the jury.

Third, Appellant objects to the District Court's directed verdict for Appellee on the strict liability claim. Appellant argues that Ohio law permits a cause of action based on a theory of implied warranty by an injured party with no contractual relationship to the defendant, citing *Lonzrick v. Republic Steel Corp.*, 6 Ohio St.2d 227, 218 N.E.2d 185 (1966).

The District Court directed a partial verdict because Appellant was not within the class of persons whom Appellee had intended to reach in selling its blasting caps and because there was no evidence that Appellant had relied on Appellee's implied representations which could be imputed to it from the sale of blasting caps under the theory of product liability. In other words, Appellant had not shown any evidence that Appellee had marketed a defective product. Rather, the blasting cap did what it was made to do—to explode upon detonation by an electrical charge. The District Court properly construed Ohio law and remitted Appellant to proof of the remaining issue—Appellee's alleged negligence in not placing a warning on the cap.

Appellant's other contentions are without merit and do not require discussion.

The Judgment of the District Court is affirmed.