980 F.2d 732
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James WINGARD, Plaintiff-Appellant,
v.
Harold SMITH, Warden; Charles Holden, Corporal; Ricky
Holtsclaw, CO 1; B.J. Potter, Sgt.; Timothy
Stallard, CO 1, Defendants-Appellees.
 No. 92-5054.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 James Wingard appeals the district court jury's verdict for defendants in this 42 U.S.C. § 1983 prisoner civil rights case. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wingard claimed that the defendants, who are various Tennessee Department of Corrections Prison employees, beat him and threatened to kill him following his attempted escape from prison. He requested damages. The case was tried before a jury which found for the defendants.
 
 
 4
 On appeal, Wingard argues that various errors occurred during trial so that he should be granted a new trial. He also requests counsel in his appellate brief.
 
 
 5
 The district court's judgment is affirmed in part as these defendants, in their official capacities, are not "persons" subject to suit for monetary damages under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Even pro se plaintiffs must specify that they are suing state officials in their individual capacities in order to avoid dismissal on this ground. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Wingard failed to adequately notify these defendants that he sought individual liability in damages; thus this part of the suit should have been dismissed at the district court level.
 
 
 6
 With the elimination of the damages claim against these defendants, only Wingard's request for injunctive relief remains and must be denied for the following reasons. First, he waived any objection to the district court's jury instructions. See Fed.R.Civ.P. 51. Nor did he show that any alleged error was obvious and prejudicial. See Ball v. E.I. DuPont DeNemours & Co., 519 F.2d 715, 717 (6th Cir.1975) (per curiam). Second, no exceptional circumstances exist which would justify this court addressing the new theories of recovery asserted in his appellate brief. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Third, the jury instructions were not improper as they fairly and adequately submitted the issues and applicable law to the jury. See Donald v. Wilson, 847 F.2d 1191, 1199 (6th Cir.1988), citing United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984), cert. denied, 472 U.S. 1029 (1985). Fourth, the district court did not abuse its discretion on admitting or excluding certain evidence. See McLaurin v. Fischer, 768 F.2d 98, 104 (6th Cir.1985). Fifth, there was no abuse of discretion in denying Wingard's motion for appointment of counsel. See Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987). Sixth, the substantial rights of the parties have not been impaired, so the motion for new trial based on alleged misconduct by opposing counsel is not appropriate. See Budoff v. Holiday Inns, Inc. 732 F.2d 1523, 1525-26 (6th Cir.1984).
 
 
 7
 Finally, the appellant's motion to supplement the trial court record is denied. Wingard requests that this court view a videotape of the scene of his attempted escape and capture. As it was not evidence considered by the jury, and it does not appear that an injustice will result if this court does not view the videotape, the motion is denied. See generally Sovereign News Co. v. United States, 690 F.2d 569, 571 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983).
 
 
 8
 Accordingly, the judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The requests for counsel and supplementation of the record are denied.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation