985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John STEWART, Plaintiff-Appellant,
v.
Captain Ralph STOVER, Individually and in his capacity as a
Captain for LCRCF; Corporal Harold Eugene Hutcheson,
Individually and in his capacity as a Corporal for Security
at LCRCF, Defendants-Appellees.
 No. 92-5341.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 John Stewart moves for in forma pauperis status and appeals a district court judgment entered after a jury verdict for the defendant in this 42 U.S.C. § 1983 prisoner civil rights case. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and Stewart's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stewart claimed that defendant Hutcheson assaulted Stewart while he was working as a food server at the Lake County Regional Correctional Facility. He alleged that Hutcheson hit him while attempting to have Stewart relinquish a styrofoam tray on the food service cart. Stewart then received medical treatment. He further claimed that defendant Stover allegedly reviewed his medical files without proper authorization. Stewart requested damages and injunctive relief.
 
 
 3
 The district court granted Stover's motion to dismiss as Stewart's allegations against him did not state a claim under 42 U.S.C. § 1983. See generally Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). The case against Hutcheson proceeded to trial and resulted in a jury verdict for the defendant. On appeal, Stewart raises various claims, alleging that he received an unfair trial.
 
 
 4
 Upon consideration, we affirm the district court's judgment. As an initial matter, Stewart did not raise his claims against Stover on appeal; thus, they are abandoned and not reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). There was no Eighth Amendment violation as the evidence supports the defense that Hutcheson did not touch Stewart. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). Stewart's failure to make contemporaneous objections at trial, or to request different or additional jury instructions, waived any objection to the district court's jury instructions. See Fed.R.Civ.P. 51. There was no obvious and prejudicial error which requires action by this court in the interest of justice. See Ball v. E.I. DuPont DeNemours & Co., 519 F.2d 715, 717 (6th Cir.1975) (per curiam). Next, the instructions were not improper as they properly set forth an inmate's constitutional rights to be free of physical abuse. See generally Whitley v. Albers, 475 U.S. 312 (1986). Finally, there was no abuse of discretion in denying Stewart's request for trial counsel. See Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987).
 
 
 5
 For these reasons, the motion for in forma pauperis status is granted, and the district court's February 14, 1992, judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.