DIDIER et al., Appellants,

v.

JOHNS, Appellee.■

[Cite as *Didier v. Johns* (1996), 114 Ohio App.3d 746.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15602.

Decided May 17, 1996.

*Brannon & Deutsch Co., L.P.A., Dwight D. Brannon* and *Thomas J. Manning,* for appellants.

*Mazanec, Raskin & Ryder, L.P.A.,* and *Robert H. Stoffers,* for appellee.

FREDERICK N. YOUNG, Judge.

I

Donald Didier is appealing from a grant by the Common Pleas Court of Montgomery County, Ohio, of summary judgment in favor of appellee, Eric J. Johns, as well as its action overruling Didier's motion for summary judgment and a motion by him to strike the affidavit of A.L. Baldridge, the patrolman who investigated the accident that is the subject of this matter. The facts of the case are succinctly set forth in the opinion of Judge Gorman, as follows:

"On May 11, 1994, Plaintiff, Donald Didier, was operating his motorcycle east on Phillipsburg Union Road. Plaintiff was following a bus going the same direction as Plaintiff on Phillipsburg Union Road. Defendant, Eric J. Johns, was operating his motor vehicle west on Phillipsburg Union Road. It was approximately 7:15 a.m. and the day was clear and the road dry. It appears that after working a long shift at work, Defendant fell asleep behind the wheel of his car and Defendant's car crossed the center line. The bus in front of Plaintiff was forced to stop quickly, and as a result, Plaintiff was required to stop quickly.

However, Plaintiff was unable to stop quickly enough and as a result hit the bus, went underneath the bus, and sustained severe injuries."

The trial court found that Didier was negligent *per se* in that he failed to keep an assured clear distance behind the school bus which he hit, a violation of R.C. 4511.21(A), and that it was therefore his negligence which caused his injuries. The court also overruled Didier's motion to strike from the record an affidavit submitted by officer Baldridge, the policeman who investigated the accident, in which he stated that he had determined that Didier failed to maintain an assured clear distance, that the school bus did not suddenly appear in the path of Didier, and that the bus was reasonably discernible to Didier. The officer cited Didier for failing to maintain an assured clear distance and Didier paid the fine for that violation.

On appeal, Didier presents to us the following four assignments of error:

## I

"The trial court erred in granting defendant/appellee's motion for summary judgment by holding that plaintiff/appellant Donald Didier violated the assured clear distance statute, O.R.C. § 4511.21(A)[.]"

## II

"The trial court erred in granting defendant/appellee's motion for summary judgment by holding that any negligence of plaintiff/appellant Donald Didier was the sole and proximate cause of his injuries[.]"

## III

"The trial court erred by overruling the motion for summary judgment of plaintiffs/appellants[.]"

## IV

"The trial [*sic*] erred by failing to strike the affidavit of officer A.L. Baldridge[.]"

## II

On March 4, 1996, we advised both parties that the issue raised by the second assignment of error implicated the comparative negligence rule and needed further briefing. We also advised them that we were "strongly inclined" to overrule the other assignments of error—the first and third on the merits and the fourth as moot.

We granted the parties twenty days to file supplemental briefs on the following question.

"Whether the violation of the assured clear distance rule, being negligence *per se,* must constitute the sole cause of the violator's injuries, as a matter of law, or whether a jury question is raised regarding comparative negligence when the stoppage of the vehicle which is hit by the violator is caused by the negligence of a third party."

The appellee timely filed a supplemental brief but, despite two extensions of time, the appellant failed to file a supplemental brief. The matter is now once again before us for a decision. We shall proceed by dealing with the first and third assignments together as they essentially involve the same issues.

## III

Summary judgment is proper under Civ.R. 56 when the moving party establishes, first, that there is no genuine issue as to any material fact, second, that the moving party is entitled to judgment as a matter of law, and, third, that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. In considering a motion for summary judgment, the trial court must also "look at the record in the light most favorable to the party opposing the motion", *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 OBR 135, 138, 493 N.E.2d 239, 242, and that all proper inferences drawn from any of the facts and evidence must be construed in favor of the party opposing the motion. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. Our review of the granting of a motion for summary judgment by a trial court is *de novo. Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 43–44.

## IV

Didier first claims that the trial court erred by holding as a matter of law that the school bus ahead of him, which he struck, was discernible and that that issue should have been presented to a jury.

The elements that constitute a violation of Ohio's assured clear distance statute, R.C. 4511.21(A) have been most recently reiterated by the Supreme Court in *Pond v. Leslein* (1995), 72 Ohio St.3d 50, 52, 647 N.E.2d 477, 478–479, as follows:

■ "R.C. 4511.21(A) states that 'no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.' Ohio case law has consistently held that a person violates the assured clear distance ahead statute if 'there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.' *Blair v. Goff–Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 5, 358 N.E.2d 634, 636 (citing *McFadden v. Elmer C. Breuer Transp. Co.* [1952], 156 Ohio St. 430, 46 O.O. 354, 103 N.E.2d 385). See, also, *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 69, 4 OBR 155, 157, 446 N.E.2d 454, 456. Thus, a driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation.

■ "Where there is conflicting evidence and reasonable minds could differ concerning any one of the elements necessary to constitute a violation of the statute, a jury question exists with regard to that element. For instance, in numerous cases in which a collision occurred at night or during extraordinary weather conditions that reduced visibility, we have held that a jury question existed as to whether the object that the driver hit was "reasonably discernible." See, *e.g., Blair, supra; Tomlinson, supra; Junge v. Brothers* (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477; *Sharp v. Norfolk & W. Ry. Co.* (1988), 36 Ohio St.3d 172, 522 N.E.2d 528, syllabus; and *Ziegler v. Wendel Poultry Serv., Inc.* (1993), 67 Ohio St.3d 10, 13, 615 N.E.2d 1022, 1026–1027. However, we also have made clear that '[a]n automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object *as a matter of law.*' *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212, paragraph two of the syllabus." (Emphasis added.)

■ It is important to note that the Supreme Court stated in *Pond* that an object in a driver's path during daylight hours is reasonably discernible *as a matter of law* in the absence of extraordinary weather conditions. In the case *sub judice,* Didier himself testified that there were no extraordinary weather conditions on the morning of the accident, and that it was dry, sunny and daylight. Furthermore, neither party questions the admitted facts that the school bus was ahead of Didier and, when he struck it, it was stationary, or perhaps moving slightly in the same direction as Didier, and did not suddenly appear in his path. Thus, all of the elements of violation of the assured clear distance rule have been met, as a matter of law, and we find the trial court was correct in holding Didier negligent *per se.*

Didier also argues that the "sudden emergency" exception to the assured clear distance statute was improperly rejected by the trial court in granting summary judgment to the appellee. We adopt as our own the opinion and decision of the trial court in ruling against Didier on this issue, as follows:

"Plaintiff tries to discount his negligence by pointing to the reason the bus in front of him stopped short and then applying the "sudden emergency" doctrine, not to the bus in front of the Plaintiff, but to the object in front of the bus. However, the assured clear distance statute, by its very nature, often involves a situation wherein a vehicle stops short or abruptly in front of a second vehicle, which then collides with the first. A violation of the assured clear distance statute occurs unless "such assured clear distance ahead is, without [the driver's fault], suddenly cut down or lessened by the entrance *within such clear distance* and into his path or lane of travel an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." *Erdman v. Mestrovich* (1951), 155 Ohio St. 85 [44 O.O. 97, 97 N.E.2d 674], paragraph 2 of the syllabus (emphasis added). The 'sudden emergency' doctrine refers to the object immediately in front of the second vehicle and not an object somewhere up the chain of collisions. The fact that Defendant's car caused the bus in front of Plaintiff's motorcycle to stop short does not bear on the further fact that Plaintiff did not leave enough distance between his motorcycle and the clearly discernible bus in front of him to stop when the bus stopped quickly or suddenly. If Plaintiff had kept the assured clear distance which is required by the O.R.C. section 4511.21(A), he would have been able to stop in enough time to avoid injury to himself. Thus, it was not whether or not Defendant crossed the center line to cause the bus to stop short that is the dispositive issue, it is that Plaintiff failed to keep an assured clear distance from the vehicle in front of him which would have enabled him to avoid the injuries he sustained.

"Based on the above, this Court finds that there are no genuine issues of material fact in this case, and that Defendant is entitled to judgment as a matter of law."

The law is clear that Didier was obliged to maintain an assured clear distance ahead of him, and the reasons necessitating the slowing or the stopping of the vehicle ahead of him are immaterial. *Cox v. Polster* (1963), 174 Ohio St. 224, 22 O.O.2d 220, 188 N.E.2d 421; *Pruitt v. Bd. of Review, Ohio Bur. of Emp. Serv.* (Feb. 4, 1993), Franklin App. No. 92AP–1141, unreported, 1993 WL 27701.

All the cases cited by Didier to support his "sudden emergency" argument involve situations where the struck object moved directly into the path of the

party striking the object, thereby preventing the party from maintaining his assured clear distance, through no fault of his own.

The appellant's first and third assignments of error are *overruled.*

## V

The real issue raised by this appeal, and the one for which we requested supplemental briefs, concerns the appellant's second assignment of error and the trial court's ruling that Didier, the appellant, was one hundred percent responsible for his injuries by his violation of the assured clear distance statute. Didier maintains that Ohio's comparative negligence rule [1] should apply in this situation, where the vehicle ahead of Didier stopped as a result of the negligence of the appellee, Johns, and that reasonable minds could differ on the issue of proximate cause and conclude that Johns and Didier were concurrent tortfeasors. There is some case law to support Didier's argument. *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701; *Grange Mut. Cas. Co. v. Fleming* (1982), 8 Ohio App.3d 164, 8 OBR 223, 456 N.E.2d 816.

On the other hand, we are inclined to the view that Didier's negligence was an intervening cause disconnected from the negligence of Johns and was itself "an efficient, independent, and self-producing cause of [Didier's] injury." *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 585, 613 N.E.2d 1014, 1025. The bus struck by Didier had stopped in a normal manner using its own braking power. It was not an unnatural, unforeseeable sudden stop, which by its very nature would suddenly reduce the assured clear distance ahead for Didier. For an example of such a stop, where the drivers of both the struck vehicle and the striking one were negligent *per se,* see *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 14 OBR 446, 471 N.E.2d 477. The Supreme Court held there that " * * * the question of whether the negligence of either party was the proximate cause of the ensuing collision, in which the plaintiff driver sustained personal injuries, is for jury determination. The defendant driver immediately ahead of plaintiff has no right to summary judgment." (Citations omitted.) *Shinaver, supra,* at 55, 14 OBR at 449, 471 N.E.2d at 481.

In the case *sub judice,* however, the action of the bus driver in bringing his vehicle to a natural stop was not negligent. This non-negligent act broke the chain of causation between Johns's negligence and Didier's negligence. *Accord Hooven v. Four Star Produce, Inc.* (Dec. 10, 1992), Cuyahoga App. No. 63628, unreported, 1992 WL 369203 (comparative negligence instruction to a jury not proper when an instruction on assured clear distance is warranted); *Ewing v.*

---

1. This rule applies to all negligence actions tried in Ohio after June 20, 1980. *Wilfong v. Batdorf* (1983), 6 Ohio St.3d 100, 6 OBR 162, 451 N.E.2d 1185.

*Birthright* (1969), 60 Tenn.App. 454, 448 S.W.2d 71 (negligence of driver of striking vehicle is a question of fact for a jury when the struck vehicle stopped in an *unnatural* manner).

We do not find the two Tenth District Court of Appeals' cases that support Didier's argument, *Baum* and *Grange Mut. Cas. Co., supra,* persuasive.

The first Tenth District case, *Grange Mut. Cas. Co., supra,* relied upon by the *Baum* court, utilized the seductively appealing, but wholly pernicious, "but for" analysis in ruling that there was a jury question as to the comparative negligence of the first driver and the third driver (who struck the second driver's vehicle which was stopped as a result of the negligence of the first driver).

In our universe, all events can be analyzed as caused by all other events. It is a weary truism now, thanks to the explorations of chaos theory, that "but for" the flapping of a butterfly's wings in Mexico, Dorothy would never have been blown to Oz.[2]

On the scale of human (not just physical) events, historical interactions have been thoroughly revealed and explored.[3] In short, the "but for" analysis casts a net so wide that conceivably all events are traceable to all other events, and the touchstone of individual responsibility sinks beneath a sea billowing with enumerable occurrences all jostling each other.

To illustrate the inappropriateness of applying the "but for" analysis in law, imagine that a child's ball rolls into the street of a suburban neighborhood. The first car whose driver sees it properly rolls to a stop or a slow crawl. The next succeeding eight drivers do the same. However, a hopped-up teenager driving the tenth car slams into the rear of the ninth car. Physically, the accident would not have happened "but for" the ball in the street. But the analysis would not stop there. The ball possibly would not be in the street "but for" the negligence of the child (or children), the negligence of the parent(s) or babysitter on the scene, the lack of a playground (forcing the children to play in their front yards), etc., *ad infinitum.* Are we to direct all rear-end collisions into an endless search of discovery for some tint of negligence down the road, no matter how far removed? We think not.

 The *legal* analysis must focus on the direct *per se* negligence of the violator of the assured clear distance rule, as distinct from a *physical* analysis made pursuant to the "but for" theory.

---

2. See, *e.g.,* The Collapse of Chaos, Cohen and Stewart (Viking Penguin, 1994), 191.

3. Connections, James Burke (Little, Brown & Co. 1978).

The Supreme Court, in two cases decided subsequent to the two Tenth District decisions cited above, has allowed the comparative negligence issue to go to a jury when there was an issue of whether the driver *of the struck vehicle* was also negligent, *not a third party*, which in the opinion of the Supreme Court would allow a jury to assess the comparative negligence of the two drivers directly involved in the accident. *Junge v. Brothers* (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477; *Pond v. Leslein, supra.*

In the case *sub judice*, we reiterate and emphasize that there is no allegation that the driver of the struck vehicle, the school bus, was negligent. If he had been somehow negligent, perhaps by failing to maintain his own assured clear distance, the issue of comparative negligence would be for a jury, and summary judgment would be improper. That is not the case, and summary judgment was proper.

The second assignment of error is *overruled.*

## VI

We find that the affidavit of Officer Baldridge is unnecessary to the core issue in this case, and we therefore *overrule* appellant's fourth assignment as moot.

*Judgment affirmed.*

BROGAN and GRADY, JJ., concur.