DECISION AND JOURNAL ENTRY
Plaintiff-appellant, Ali Sabbaghzadeh, administrator of the estate of Marco Mofakhami, deceased, appeals from summary judgment entered by the Lorain County Court of Common Pleas in favor of defendants-appellees, Frederick Shelvey/F J Contractor and Timothy Cioffe/Austintown Dairy. We affirm.
Events leading to the death of Mr. Mofakhami began about 10 a.m. March 8, 1996, when a wooden display case suddenly fell from the back of a flatbed truck being driven by Mr. Shelvey, strewing wood and glass in both westbound lanes of Interstate 90 in the City of Avon. Mr. Shelvey, who was driving in the right lane when the display case fell, immediately pulled off the road and activated his hazards and strobe lights. He and an assistant began to clean up the debris on the highway.
Mr. Cioffe was driving an Austintown Dairy delivery truck in the left lane, when the display case fell from the flatbed truck ahead of him. Mr. Cioffe stopped to avoid hitting debris that had scattered in his lane and put on his four-way flashing lights. The police report confirms that these lights were on. Mr. Cioffe estimated he had been stopped four to five minutes, perhaps as much as ten to fifteen minutes, when he was struck from behind by a Honda driven by Mr. Mofakhami. Mr. Mofakhami died at the scene. The accident happened just beyond the exit ramp to State Rte. 611. According to the police report, road conditions were good and dry. There were no adverse weather conditions.
Dale Rote, who was slowing his truck to exit at Rte. 611 when these events began to unfold, witnessed everything. In his affidavit, he said he observed brake lights and stopped traffic ahead of him. He saw a truck with flashers on in the lane next to the median. Then he saw a Honda's brake lights for just a few seconds before the Honda smashed into the truck. He said it looked to him like "the Honda did not really make much of an effort to stop."
John Isoldi, who was hired by Austintown Dairy to investigate the accident, concluded from measurements he made at the scene that the truck was visible from one-half mile or 2,640 feet, with no obstructions to a driver's view. In his affidavit, Mr. Isoldi stated that a vehicle traveling fifty-five miles per hour, as he estimated the Mofakhami vehicle was doing, could have stopped six times in the one-half mile from perception point to the point of impact. He said there was no evidence that the Mofakhami vehicle braked until about eighty to one hundred feet before impact.
Mr. Shelvey was cited for failure to secure his load, in violation of R.C. 4513.31(A). No other citations were issued.
On January 24, 1997, appellant filed this wrongful death action against Mr. Shelvey and his employer, F J Contractor, in the Lorain County Court of Common Pleas. The complaint was amended June 12, 1997 to add Mr. Cioffe and his employer, Austintown Dairy. Following discovery, summary judgment motions were filed separately by both sets of defendants and an oral hearing was held. Both motions were granted on October 7, 1998.
In its Journal Entry, the trial court found that Mr. Mofakhami was negligent per se for failure to maintain an assured clear distance ahead in violation of R.C. 4511.21(A). The court further found no evidence that Mr. Cioffe was negligent. As to Mr. Shelvey, the court found that the chain of causation between any negligence of Mr. Shelvey and Mr. Mofakhami had been broken. This appeal followed.
Appellant asserts a single assignment of error:
 THE TRIAL COURT IMPROPERLY GRANTED DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT, FINDING THAT APPELLANT'S DECEDENT WAS SOLELY NEGLIGENT UNDER THE DOCTRINE OF ASSURED CLEAR DISTANCE
Appellant argues that the trial court erred in granting summary judgment to appellees on grounds that Mr. Mofakhami was solely negligent under the assured clear distance statute, where there was evidence that both Mr. Shelvey and Mr. Cioffe had violated various other traffic laws from which a jury could conclude that they were comparatively negligent. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
The moving party "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once this burden is satisfied, the nonmoving party has the burden, as outlined in Civ.R. 56(E), to set forth specific facts showing a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine issue for trial exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
In presenting this assignment, appellant first suggests that genuine issues of material fact exist as to whether Mr. Mofakhami violated the assured clear distance statute. However, appellant has not directed this court to any evidentiary materials in the record to support this contention.
R.C. 4511.21(A) provides in pertinent part:
 * * *[N]o person shall drive any motor vehicle * * * at a greater speed than will permit [him] to bring it to a stop within the assured clear distance ahead.
 Violation of the assured clear distance statute is negligence per se. Pond v. Leslein (1995), 72 Ohio St.3d 50, 53. Ohio case law has consistently held that the statute is violated where "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7, citing McFadden v. Elmer C. Breuer Trans. Co. (1952), 156 Ohio St. 430, paragraph one of the syllabus. Here, the uncontroverted facts are that the Austintown Dairy truck was stopped in Mr. Mofakhami's path of travel, was ahead of him, and had been there for at least four or five minutes before it was struck from behind by decedent's Honda. The accident occurred at about 10 a.m. The sky was overcast, but the road was dry. The affidavit of Mr. Cioffe's expert, stating that the truck could be seen from one-half mile or 2,640 feet away, with no obstructions to a driver's view, was unrefuted. The Ohio Supreme Court has held that "[a]n automobile, van, or truck, stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, paragraph two of the syllabus. In the absence of any conflicting evidence on these elements, the trial court did not err in concluding that appellant's decedent was negligent per se.
Appellant's main argument, however, is that even if the decedent was "partially negligent," appellant should be allowed to recover damages, because appellees were also negligent in violating various traffic laws. He argues that liability must be allocated among all negligent parties according to the percentages of negligence attributable to each and that such allocation must be made by a jury. The comparative negligence principles which appellant believes the trial court here failed to apply are found in R.C. 2315.19.
Since R.C. 2315.19 was enacted in 1980, the law has been that a plaintiff may recover for injuries flowing from the negligence of a defendant, even if that plaintiff is himself negligent to a degree. The amount of a plaintiff's recovery, however, is adjusted by the degree of his own negligence. Hirschbach v.Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206, 209. A plaintiff may not recover any damages where the plaintiff's negligence exceeds the total negligence of the defendant or defendants. R.C. 2315.19(C).
The comparative negligence provisions of R.C. 2315.19
contemplate negligence by both plaintiff and defendant. Thus, "the statute has no application in * * * situations where the court can declare that the defendant was not negligent as a matter of law." Adams v. Graves (Oct. 23, 1990), Pickaway App. No. 89CA35, unreported, 1990 Ohio App. LEXIS 4964, at *7-8. Moreover, it has been held that summary judgment may be granted in cases involving issues of comparative negligence where a reasonable person could only conclude that the contributory negligence of the plaintiff was greater than the combined negligence of the defendant or defendants. Mitchell v. Ross (1984), 14 Ohio App.3d 75, 78.
In the instant case, appellant cites to three statutes that he claims defendants violated, for which they must be held liable. Reasonable minds could conclude, however, that liability cannot be imposed upon defendants on the basis of any of these statutes.
One of the statutes, which appellant claims both Mr. Cioffe and Mr. Shelvey violated, is not applicable to either appellee under the facts of this case. Appellant asserts that both men were negligent per se for failure to display various warning devices pursuant to R.C. 4513.28. The clear and unambiguous language of this statute, however, requires the display of warning devices only when a vehicle is disabled. Sections (A) and (D) both begin with references to certain types of vehicles that are "disabled upon the traveled portion of [a] highway." Section (F) begins,"In the event the vehicle or trackless trolley is disabled near a curve * * *."
If the meaning of a statute is unambiguous and definite, it must be applied as written. State ex rel. Purdy v. Clermont Cty.Board of Elections (1997), 77 Ohio St.3d 338, 340, citing State exrel. Herman v. Klopfleisch (1995), 72 Ohio St.3d 581, 584. The limitation of R.C. 4513.28 to disabled vehicles has been recognized by the courts. See, e.g., Scherzer v. S.E. Johnson Co.
(Sept. 30, 1991), Lucas App. No. L-90-223, 1991 Ohio App. LEXIS 4557, unreported, at *12. Moreover, the Cuyahoga County Court of Appeals has construed this statute strictly according to the plain meaning of the language employed by the State Legislature. The court held that a disabled automobile was not required to display warning devices, because the statute does not mention automobiles in the list of included vehicles.
 Conspicuously absent from the list of included vehicles under R.C. 4513.28 are automobiles. Accordingly, this court must presume the General Assembly did not intend the operators of automobiles to be bound by the standard of conduct established by R.C. 4513.28.
Woods v. Lorenzo (June 22, 1978), Cuyahoga App. No. 37579, 1978 Ohio App. LEXIS 10477, unreported, at *5.
In the instant case, there is no evidence that either the Austintown Dairy truck or the F J Contractor truck was disabled. Consequently, neither Mr. Cioffe nor Mr. Shelvey can be deemed negligent per se on grounds of violating this statute.
Appellant also claims he is entitled to application of comparative negligence principles because Mr. Cioffe was negligent in stopping his truck on the highway in violation of R.C. 4511.66. R.C. 4511.66 provides in pertinent part:
 Upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway.
Violation of R.C. 4511.66 is not negligence per se.
 Although R.C. 4511.66 is a highway safety statute, it does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway. Rather, doing so is prohibited only if it is practicable to stop, park, or leave the vehicle off the traveled portion of the highway. * * * Therefore, negligence does not automatically follow from the fact that a disabled vehicle is stopped on the traveled portion of a highway.
(Emphasis original.) Smiddy, 30 Ohio St.3d at 37-38, citingBatesole v. Stratford (C.A.6, 1974), 505 F.2d 804 and Lester v.John R. Jurgensen Co. (C.A.6, 1968), 400 F.2d 393. In Jurgensen, the Sixth Circuit, adopting the District Court's interpretation of the statute's qualifying term "practicable" as equivalent to "reasonable," concluded that under that interpretation "the statute merely proscribes parking on the `main traveled part of the highway' when so parking would be unreasonable." Jurgensen,400 F.2d at 396.
The question here then is whether Mr. Cioffe's conduct in remaining stopped behind the debris in his lane of travel was "reasonable." Mr. Cioffe testified at the oral hearing that he initially stopped in the lane in which he was traveling, because it was littered with debris and broken glass and he feared damage to his tires. Furthermore, at least some of the debris was large enough to prevent passage. One piece was so big that it required two men to remove it. Mr. Cioffe said he decided to remain stopped, because he felt it would be more dangerous to attempt to negotiate a ninety-degree turn across two lanes of traffic in order to pass around the debris or to exit on the Rte. 611 ramp. Mr. Cioffe said he believed that trying to move his truck would create a dangerous blind spot for traffic merging into the right lane or into the exit lane. He also said he thought the position of his truck, with its lights flashing, provided some protection for the two men who were trying to clean up the debris. Moreover, he had observed that the clean-up efforts were proceeding quickly and he did not believe he would be stopped long. The mere fact cited by appellant that other vehicles were able to either traverse around the debris or exit the highway is not evidence that it was unreasonable for Mr. Cioffe to remain where he was. Reasonable minds could conclude here that Mr. Cioffe was not negligent in that it was reasonable for Mr. Cioffe to remain where he had stopped on the highway. In the absence of any negligence on the part of Mr. Cioffe, there can be no comparative negligence. See Adams, supra, at *7-8.
 Finally, appellant asserts that Mr. Shelvey's negligence in "dropping his entire load" in violation of R.C. 4513.31(A) must be apportioned in accordance with comparative negligence principles. Even if a violation of this statute constitutes negligence, a defendant may be relieved of liability for his negligent conduct if an intervening act breaks the causal connection between the defendant's negligence and the injury. Berdyck v. Shinde (1993), 66 Ohio St.3d 573, paragraph six of the syllabus. A break will occur when another conscious and responsible agency, which could or should have eliminated the hazard, intervenes between an agency creating a hazard and an injury resulting therefrom. Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 323, paragraph one of the syllabus.
The test for such a break in causation is "whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor." Cascone v Herb Kay Co.
(1983), 6 Ohio St.3d 155, 160. An intervening act is "new" if it came into operation after the original negligence and could not reasonably have been foreseen. Reed v. Weber (1992), 83 Ohio App.3d 437,441. An intervening act constitutes an "independent" cause if the intervening act was capable of producing the injury irrespective of the original negligence, was not set in motion by the original negligence, and was not simply a condition on or through which the original negligence operated to produce the injurious result. See Mudrich v. Standard Oil Co. (1950),153 Ohio St. 31, 38, citing Mouse v. Cent. Savings Trust Co. (1929),120 Ohio St. 599, 605-606.
Here, reasonable minds could conclude that the conduct of Mr. Mofakhami in failing to maintain an assured clear distance from the Austintown Dairy truck was an intervening agency relieving Mr. Shelvey from potential liability for negligently blocking the highway with debris. Mr. Mofakhami, who was driving the Honda that smashed into Cioffe's truck, was a conscious and responsible agency, charged by statute with maintaining an assured clear distance from other vehicles on the highway. Such conduct would or should have eliminated the hazard of striking any vehicles stopped or braking to avoid debris in the highway.
Mr. Mofakhami's failure to maintain such assured clear distance was a new and independent cause of his own injury. His negligence was not set in motion by Mr. Shelvey's misconduct. It came into operation at least four to five minutes after the display had fallen from the back of Mr. Shelvey's flatbed truck. Traffic had slowed and was either passing around the debris or exiting the highway without incident, when Mr. Mofakhami's Honda slammed into the back of the Austintown Dairy truck. Although it may have been foreseeable that Mr. Shelvey's negligence would bring traffic to a halt, it was not reasonably foreseeable that a motorist would proceed more than 2,500 feet without making any effort to avoid hitting a large delivery truck in its path. Moreover, Mr. Mofakhami's intervening act of negligence was capable of producing his own injury, irrespective of Mr. Shelvey's original negligent failure to secure his load. Thus, Mr. Mofakhami's negligence in failing to maintain an assured clear distance ahead was in itself an efficient, independent, and self-producing cause of his own injury. See Berdyck,66 Ohio St.3d at 584-85; see, also, Didier v. Johns (1996), 114 Ohio App.3d 746,753; Daniels v. Williamson (July 3, 1997), Greene App. No. 96-CA-146, 1997 Ohio App. LEXIS 2922, unreported.
In summary, there is no genuine issue of material fact in this case. In viewing the evidence most strongly in favor of appellant, as must be done on appellees' motions for summary judgment, reasonable minds can come to but one conclusion, that being adverse to appellant here. Mr. Cioffe was not negligent because it was reasonable for him to remain where he had stopped on the highway. Mr. Shelvey was relieved of any liability he may have had by the intervening act of Mr. Mofakhami in failing to maintain an assured clear distance ahead. Therefore, comparative negligence principles are inapplicable here. The trial court properly determined that neither Mr. Cioffe nor Mr. Shelvey was legally liable for Mr. Mofakhami's death and that Mr. Mofakhami's own negligence was the sole proximate cause of his injury.
Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT BAIRD, P.J., SLABY, J., CONCUR.