The trial court granted the Defendant's motion for summary judgment on a finding that the issue presented is governed by our holding in Danielsv. Williamson (July 3, 1997), Greene App. No. 96-CA-146, unreported. Judge Wolff agrees, concluding that the material facts of that case are similar to those before us here. I respectfully disagree.
The trial court held that the Defendants-Appellees are relieved of liability because Plaintiff-Appellant Grout was negligent per se, having violated the assured clear distance statute, R.C. 4511.21(A), when he collided with the steer standing on the road. A violation of R.C.4511.21(A) is established by evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. Pond v. Leslein (1995), 72 Ohio St.3d 50. Relying on our decision in Daniels, the court found that the steer was "reasonably discernable" because Grout saw it before he struck it, if only for a split-second.
In Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, a commercial van that had stopped on Interstate 75 was struck from the rear several minutes later by an oncoming vehicle. In analyzing application of the assured clear distance rule, the court held:
 An automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law, (McFadden v. Elmer C. Breuer Transp. Co. [1952], 156 Ohio St. 430, 46 O.O. 354, 103 N.E.2d 385, followed.)
 Id., paragraph two of the syllabus.
In Daniels, on which the trial court here relied, the driver of a tractor/trailer lost control of his vehicle when he swerved to avoid colliding with a small white car that was stopped on the road. The car had apparently been halted by three or four pigs. Applying the rule ofSmiddy, we held that the object the driver swerved to avoid but struck, the small white car, was "reasonably discernible" as a matter of law.
The facts here are similar to those in Daniels in that livestock was on the road in both accidents. Also, in both cases, the action was brought by the driver against the livestock's owner. However, the object which Plaintiff Grout struck was not an automobile, van, or truck that had stopped on a highway, as in Daniels. It was a steer, which is not one of those objects which is reasonably discernible as a matter of law perSmiddy. Therefore, Smiddy does not apply to these facts, and neither doesDaniels to the extent that it relied on Smiddy.
In Daniels, we also relied on Didier v. Johns (1996),114 Ohio App.3d 746, a case decided by this court. In Didier, a motorist who was traveling behind a school bus collided with it from the rear when the bus came to a sudden stop. We held that the bus was an object that was reasonably discernible to the driver, citing the rule of Smiddy. However, our reliance on Smiddy was misplaced.
Smiddy is concerned with the issue of discernability. There was no issue of discernability in Didier, because the driver had the bus in full view during the time that he followed it. Seizing on that fact, we went on in Didier to conclude that the bus was therefore reasonably discernible. We extended the same rule of reasoning in Daniels, finding that there was no genuine issue of material fact concerning whether the small white car was reasonably discernible, because the driver saw it before he swerved to avoid it. However, the car was visible to the driver in Daniels for but a second and one-half before he swerved to avoid it. Discernability was very much in issue in Daniels, where it had not been an issue at all in Didier.
We now repeat our error in Daniels by applying the Didier analysis when discernability is in issue, and we compound that error by our misapplication of the rule of Smiddy to these facts. The steer was not an object which is reasonably discernible as a matter of law, per Smiddy. Further, and contrary to Didier, Grout had not followed the steer for some time. He came upon it suddenly, standing on the road. Discernability clearly is in issue.
We need not overrule Daniels, because Daniels was correctly decided under the rule of Smiddy. However, we should not repeat the mistake we made in Daniels by applying Didier to these facts. Discernability was not an issue at all in Didier, and it is very much in issue here.
The considerations underlying the rule announced in Smiddy were set out in McFadden v. Elmer C. Breuer Transp. Co. (1952), 156 Ohio St. 430, on which the controlling syllabus in Smiddy expressly relies. McFadden
states:
 A train on a highway crossing or a truck or an automobile on the highway in the driver's path can be considered reasonably discernible without more evidence than the fact of its presence. If, however, the nature of the object be such that reasonable minds might differ as to it being reasonably discernible, evidence to establish that it was such is required. Any conflict in such evidence creates a jury question.
 Id., at p. 435.
It is the nature of vehicles that they are found on highways, and that they sometimes come to a stop there. Drivers are therefore charged by law in R.C. 4511.21(A), the assured clear distance statute, with a duty to anticipate their presence by operating their own vehicles so as to avoid colliding with them. Per Smiddy, that duty applies even though the driver has not seen the stopped vehicle, or has seen it but momentarily.
It is not the nature of steers or other livestock that they are found on highways, even in rural areas. Indeed, their owners may not permit them "to run at large in the public road (or) highway." R.C. 951.02. They are not, in that event, reasonably discernible as a matter of law. The Ninth District Court of Appeals so held in Keller v. Kain (April 23, 1983), Wayne App. No. 1839, unreported, in which a driver collided with a horse standing across her lane of travel on a rural road. The facts there differ from those here in that the accident occurred at 11:00 p.m. However, as here, the driver "suddenly was aware that a horse was standing across her lane of travel" when she struck it. Id., p. 1.
Our holding in Daniels equating discernability with visibility
misconstrues discernability.
 "The word `discernible' ordinarily implies something more than `visible.' `Visible' means perceivable by the eye whereas `discernible' means mentally
perceptible or distinguishable — capable of being `discerned' by the understanding and not merely by the senses."
 McFadden v. Elmer C. Breuer Transp. Co., supra, at p. 442. Indeed, the word discernible does not have a "fixed and rigid meaning applicable to every situation." Id.
Whether any object was reasonably discernible in any given case depends on the facts and circumstances involved. That presents a jury issue, and as the court stated in Blair v. Goff-Kirby (1976), 49 Ohio St.2d 5, at 9:
 That the discernability of an object, regardless of its size, should be a jury question where the evidence of discernability is sufficient to make reasonable persons disagree is supported by policy reasons and the holdings of other jurisdictions as well. To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.
 Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law. As Dean Prosser says, in doubtful cases questions should be sent to the jury `because the public insists that its conduct be judged in part by the man in the street rather than by lawyers, and the jury serves as shock absorber to cushion the impact of the law.'
 Furthermore, as the policy reasons behind holding drivers negligent per se for collisions have become less compelling over the years, virtually all other states, whether their assured-clear-distance rules are statutory or judge made, have held discernability to be a jury question.
 For the foregoing reasons, we hold that whether an object is discernible under a given set of circumstances is a question of fact, and, when reasonable minds could reach different conclusions from the evidence presented upon the question, a motion for a directed verdict upon that basis should be overruled.
 Blair and Smiddy, read together, stand for the proposition that when a violation of R.C. 4511.21(A) is alleged and the discernability of the object the driver struck is a fact in issue, discernability is a question for the jury unless the object was an automobile, van, or truck that had stopped on a highway in the driver's path during daylight hours and absent extraordinary weather conditions.
Notwithstanding the fact that Plaintiff Grout saw the steer a split-second before he hit it, whether it was "reasonably discernible" is a genuine issue of material fact. The view of the steer that Grout had is material to that determination. However, consideration must also be given to the curvature and condition of the roadway, the surrounding vegetation, the available light, and the size and color of the object involved. The fact that it was a substantial object is not, standing alone, a basis to find that it was reasonably discernible. Blair v.Goff-Kirby, supra. Because the evidence, which must be construed most strongly in favor of the Plaintiffs, is in conflict on the issue, whether the steer was reasonably discernible must be determined by a jury.
I would reverse and remand.